# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 14-1314**  (BOR Appeal No. 2049474)
(Claim No. 2012018835)

**PAUL SCOTT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Consolidation Coal Company, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Paul Scott, by Jonathan Bowman, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 2, 2014, in which the Board reversed a May 19, 2014, Order of the Workers' Compensation Office of Judges, and granted Mr. Scott a 6% permanent partial disability award. In its Order, the Office of Judges affirmed the claims administrator's January 3, 2013, decision granting Mr. Scott a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scott was injured on December 2, 2011, when he was struck in the legs by a loose cable, causing him to fall and strike his head and neck on the ground. Although the claims administrator's decision or decisions regarding compensability are not contained in the evidentiary record, it appears that the claim has been held compensable for an open wound of the scalp, post-concussion syndrome, and cervical sprain.

1

On December 6, 2012, Joseph Grady II, M.D., performed an independent medical evaluation. Dr. Grady opined that Mr. Scott sustained 0% whole person impairment as a result of a healed scalp laceration and post-concussion syndrome. Although he noted that Mr. Scott complained of neck pain, which Dr. Grady attributed to the compensable injury, he erroneously believed that the cervical spine was not a compensable body part and therefore did not provide an assessment of the degree of permanent impairment arising from the cervical spine. In response to a letter from the claims administrator, Dr. Grady provided a supplemental report on December 28, 2012, opining that Mr. Scott sustained 0% whole person impairment as a result of the compensable cervical sprain. However, Dr. Grady noted that Mr. Scott's left cervical spine rotation could not be measured because his movement was inhibited due to complaints of discomfort. On January 3, 2013, the claims administrator granted Mr. Scott a 0% permanent partial disability award.

On July 24, 2013, James Dauphin, M.D., performed an independent medical evaluation. He noted that Mr. Scott displayed asymmetry of motion in the cervical spine with obvious pain and discomfort in the head and neck. He therefore opined that Mr. Scott sustained 6% whole person impairment as a result of range of motion abnormalities in the cervical spine. Dr. Dauphin further opined that he agreed with Dr. Grady's assessment regarding the compensable head injuries.

In its May 19, 2014, Order affirming the January 3, 2013, claims administrator's decision, the Office of Judges held that Mr. Scott did not incur any permanent impairment as a result of the December 2, 2011, injury. The Board of Review reversed the Office of Judges' decision and granted Mr. Scott a 6% permanent partial disability award based upon the report of Dr. Dauphin. On appeal, Consolidation Coal Company asserts that the evidence of record demonstrates that Mr. Scott did not incur any permanent impairment as a result of the December 2, 2011, injury.

The Office of Judges noted that on February 5, 2014, it previously determined that Mr. Scott did not sustain any permanent impairment as a result of the December 2, 2011, injury. However, in its February 5, 2014, decision, the Office of Judges did not have access to Dr. Grady's December 6, 2012, and December 28, 2012, reports. In its May 19, 2014, Order, the Office of Judges quoted at length from its February 5, 2014, decision in which it discussed Mr. Scott's permanent impairment arising from his compensable head injuries. The Office of Judges then determined that the submission of Dr. Grady's reports in the instant appeal is an insufficient basis to overturn the January 3, 2013, claims administrator's decision.

In its Order reversing the May 19, 2014, Order of the Office of Judges, the Board of Review noted that the Office of Judges failed to discuss the compensable cervical sprain in both its February 5, 2014, and May 19, 2014, decisions. The Board of Review then determined that Dr. Dauphin's report is relevant, credible, material, and reliable and granted Mr. Scott a 6% permanent partial disability award consistent with his opinion. We agree with the reasoning and conclusions set forth in the Order of the Board of Review.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II